## John McDonald *against* John Gayle sen.

1, Tenant at will
may maintain
Writ of forcible
detainer,
2, The trial of
such a case in the
Circuit Court is
not de novo, but
on the Record sent
up by the Justice.
3, After argu-
ment, plaintiff in
Error cannot
have a certiorari,
but it will be
granted at any
time to sustain a
judgment.
(a) *Laws of
Ala. p.* 371, *s.* 7.

THE appellee brought his writ of forcible detainer, and
there was judgment against him before the Justice of
the Peace. He appealed to the Circuit Court of *Baldwin*
County. Judgment was there rendered for him, and *McDo-
nald* appealed to this Court.

Opinion of the Court by Judge *Lipscomb.*

It is assigned as Error that the complaint shews that the
complainant had no estate in the land claimed. The only
part of the complaint brought into view by this assignment
is in these words: " Your petitioner is tenant at will on the
" said land, of the *United States.*" By the Statute, (a) the
claimant is required to set forth his estate in the land forcibly
tered or detained from his possession. The term *estate* em-
braces the interest of tenants at will as well as other tenants.
It is contended, on the authority of a case decided in *Penn-
sylvania*, (1 Dallas. 354) that a tenant at will is not entittled

to this remedy. In the English Statutes an Inquisition of forcible detainer could not be supported when the estate claimed was not greater than this; but the proceedings by Inquisition were partly *criminaliter* to punish for the trespass, and partly *civiliter* to recover possession. Our Statute expressly includes within its provisions all estates, whether freehold or less than freehold.(b) When the expressions of a Statute are positive and explicit, and the meaning obvious, cases decided under different Statutes by other Courts, however respectable, are entitled to but little weight. It is the unanimous opinion of the Court that the judgment of the Circuit Court be affirmed.

DECEMBER, 1822.

John McDonald
v.
John Gayle, sen.

(b) *Laws of Ala.* sect. 4.

Note 1st.—In this case a point of law was insisted on for the plaintiff in Error, which the Court conceived was not embraced by the assignments of Errors. It was taken into consideration for the purpose of settling the practice.

It was insisted that the trial before the Circuit Court should have been *de novo.* The majority of the Court were of opinion that it should have been on the Record sent up by the Justice of the Peace, and without the intervention of a Jury.

2d.—On a motion in this case, the Court ruled that after argument a certiorari, the object of which was to reverse the judgment of the Court below, would not be awarded, but that it would be granted at any time to sustain such judgment.

*Crawford* and *Hitchcock* for appellant.

*Elliott* for appellee.