Judge *Saffold* gave no opinion.

---

James Childress *against* Francis McGehee.

1st, On a certiorari for proceedings on a writ of Forcible Detainer, to require bond and security is matter of legal discretion. 2d, The Circuit Court may order a new bond to be taken. 3d, On a writ of Forcible Entry and Detainer, the Record must shew that the party complaining has had actual possession.

JUDGE *Minor* delivered the opinion of the Court.

This was a writ of Error on a judgment of the Circuit Court of *Green* County, reversing the judgment of a Justice of the Peace on a writ of Forcible Entry and Detainer. The 3d, 4th, and 5th assignments of Errors lead to the examination of the decisions of the Circuit Court on two successive motions to dismiss the certiorari.

It appears that on petition of McGehee the Hon. *Henry Y. Webb*, one of the Judges of the Circuit Courts, awarded the Certiorari, and required bond and security to be given. On the return of the certiorari at *September* term, 1822, a motion was made to dismiss, for the insufficiency of the bond; a new bond was taken by leave of the Court, and an alias certiorari awarded; on the return of which, at *March* term, 1823, motion was again made to dismiss, which was overruled.

The writ of Certiorari is the sole means by which proceedings of this nature can be reviewed. The Legislature, by prohibiting the writ of Restitution to issue until twenty days after the day of rendering judgment, seems to have been desirous to prevent the defendant's being deprived of the possession before he could have an opportunity of resorting to an appellate tribunal. (Laws of Ala. p. 373. sec. 18, p. 375.)

The Statute does not require security. It seems not to

create, but to restrict and modify the right of appeal ; and I cannot think that the restriction is to be extended by implication beyond its terms. To require the bond and security is, at most, a matter of discretion with the Judge awarding the process. The Circuit Court was surely as competent to award and prescribe terms for the certiorari, (as done at _September_ term, 1822,) as the Judge in vacation. The second bond appears to have been satisfactory to the Court. There appears to have been no Error in denying the two motions to dismiss.

Let us proceed to the examination of the judgment of the Circuit Court as brought into view by the second assignment of Errors.

In the Circuit Court, it was among other matters assigned as Error, in the original proceedings, that the plaintiff shews no possession in him at the time he alleges the injury to have been committed. The original complaint of _Childress_, upon which the writ appears to have issued, states that _McGehee_ unlawfully entered on and forcibly detains the premises from him : describes the premises as lying in and being part of the tract of country granted by Congress to the French emigrants on condition, &c., and states that _Childress_ is entitled to the possession : that he purchased the premises of one of the emigrants who had a right to sell : that his estate therein is a fee-simple on the performance of certain conditions which are to be performed within a period not yet elapsed : that he made a demand of the premises of _McGehee_, who refused to give possession. It is not stated in the complaint, nor does it appear in any part of the Record, that _Childress_ has ever been in possession of the land.

In proceedings of this nature the Justice of the Peace is surely to be regarded as exercising under the Statute a special and limited, and not a general jurisdiction. The 2d and 3d sections of the Statute authorise proceedings of this nature—when any person enters into lands, tenements, or other _possessions_, and detains or holds the same with force, or strong hand, &c.—enters peaceably, and by force, frightening, threats, &c. turns the party out of possession ;—or having entered peaceably into any lands, tenements, or other _possessions_, shall hold or keep the same unlawfully and with force, &c. The 5th section provides for the case of the tenant of a particular estate holding over after demand of possession by the landlord or person entitled in remainder or reversion. The 20th section enacts that the estate or merits of the title shall in no wise be enquired into on any complaint exhibited by virtue of this Act ; and provides that the Act shall not extend to any person who has had un-

DECEMBER, 1823.

James Childress
v.
Francis
McGehee.

interrupted occupation, or been in quiet possession for the space of three whole years together immediately preceding such complaint, and whose estate in the lands, &c. is not ended or determined.

The judgment, if for the plaintiff, is to be forced by writ of *Restitution.* What was the evil intended to be remedied by this Statute ? Delay in the recovery of *possession* forcibly or wrongfully withheld as in the enumerated cases. The authority to try title in this way is expressly negatived. Quiet possession (though without colour of title,) for three years immediately preceding the complaint protects the defendant from such a proceeding. Can it be contended that the jurisdiction of the Justices of the Peace in cases of this nature is by implication to be extended to cases not enumerated in the Statute. In Courts of limited jurisdiction, the facts or circumstances which give jurisdiction must appear on the Record. 3 Dallas, 382. 1 Wash. 81. 4 Cranch, 46.

The complaint here contains no averment of the plaintiff's possession, nor does it shew an injury within any of the descriptions specified in the Statute. It sets forth that the plaintiff is entitled to possession, and recites the foundation and chain of his title. From the state of the proceedings had, and evidence given and offered on the trial before the Justice, the case appears to have been instituted and conducted solely as a trial of title. The 20th section of the Statute enacts that the estate, or merits of the title, shall in no wise be enquired into in proceedings of this nature. The title and right of possession may amount to a constructive possession so as to sustain an action of trespass, unless the defendant shew an actual adverse possession. But where *possession in the defendant is* proved, the plaintiff (*until our late Act of Assembly* abolishing the fictitious proceedings in ejectment) could not maintain trespass, but must have sought his remedy in some other form. If the title carry with it the possession so as to enable the plaintiff who has never had actual possession to maintain the writ of Forcible Entry and Detainer, the trial must necessarily be on the merits of the titles of the respective parties ; and this form of proceeding, instead of being merely a summary remedy for restitution of possession in the cases defined by the Statute, must become the course for trying the titles of adverse claimants. The Statute on its face shews conclusively that it was not the intention of the Legislature to vest Justices of the Peace with jurisdiction, and jurisdiction to be exercised in this summary way as to the titles and rights of possession of all the real property in the State.

The English Statutes on this subject appear to differ from ours in punishing forcible entry and detainer as a criminal offence ; but in the description of the subjects of the injury, " lands, tenements, or other possessions," and in the summary mode of trial and restitution, there appears to be no material difference.  3 Bac. Ab. 250. Statute 8 Henry 6. chap. 9.  In *England* to sustain this Writ, the disseisin must be proved.  1 Lord Ray. 610.  3 Salk. 169.  The Supreme Court of *New-York* have decided that it must appear on the Record that the prosecutor was seized.  1 Cain, 125.  2 Cain 98.  In *Pennsylvania* it has been held that the defendant cannot give title in evidence to avoid restitution.  1 Dal. 68.  It has been urged in argument that the plaintiff is without remedy if not entitled to this.  From the terms of the Statute, the nature of the proceedings, and the tribunal before which it is to be had, it is evident that the Legislature did not intend to constitute every Justice of the Peace a Court of general jurisdiction, with power to proceed in this summary mode in the trial of titles and rights of possession to real estate.  The particular remedy intended to be afforded and the limits within which it is to be applied, are by the terms of the Statute clearly defined.  It is not for the Court to say what was the proper remedy for the plaintiff ; as the case appears upon the Record it appears he was not entitled to this.

The sixth assignment directs our enquiring to the entry of the judgment of the Circuit Court.  Judgment was not entered in favour of *McGehee* for his costs.  The entry in other respects is correct.  The omission cannot prejudice the plaintiff in Error, or properly be assigned as Error by him.(a)

(a) *Henry vs. Smoot, ante, p. 12.*

Let the judgment of the Circuit Court be affirmed.

Judge *Lipscomb* not sitting.

*Barton* and *Collier*, for the plaintiff in Error

*E. Pickens*, for defendant in Error.