## Commonwealth *versus* James Bigelow

Whether any entry on land by virtue of an extent, although the execution be extended on the land of a person not a party to it, will sustain a process of forcible entry and detainer, *quære*.[1]

The possession of a tenant at will is not the possession of the lessor so as to enable him to maintain forcible entry and detainer against a stranger for expelling the tenant.

Where a writ of restitution in a process of forcible entry has been executed, and the proceedings are afterward quashed upon *certiorari*, this Court have power to award a writ of re-restitution.

Bigelow obtained a judgment, at November term 1821 of this Court, against one Winslow, and took out his execution, which was delivered to an officer to be extended on Winslow's real estate. On the 16th of February, 1822, the officer extended it on certain real estate which was in the occupation of Winslow as a tenant at will under one Russell, and delivered peaceable seisin and possession of it to Bigelow. A process of forcible entry and detainer was thereupon sued out against Bigelow on behalf of Russell, before two justices of the peace, pursuant to *St.* 1784, *c.* 8, and a writ of res**ution was awarded, by virtue of which Russell was put into possession of the real estate in question. At March term 1824, Bigelow presented a petition for a writ of *certiorari* to the two justices, to whose proceedings several exceptions were taken.

*July 7th, 1824.*

*K Whitman* and *Rand*, for the respondent, insisted that the process of forcible entry and detainer was not a proper remedy against one claiming title under an extent of an execution ; but that if there was any forcible entry and detainer in the case, it was against Winslow, the tenant, and not against Russell, who was not in possession nor entitled to the immediate profits of the land.

*Prescott* and *W. Phillips, contrà,* contended that if a man finds another out of his house and thereupon enters and prevents the other from returning, it is a forcible entry. 1 Hawk. P. C. *c.* 64, § 26, 27. Under our statute, either Russell, or

---

[1] See Revised Stat. *c.* 104, § 2.

<div style="float:right">Common-<br>wealth<br>v.<br>Bigelow.</div>

the tenant, or any person who is injured, may make the complaint. The possession of Bigelow as tenant at will was the possession of Russell, so far as it respects this process ; which is not given for damages for personal wrongs, but for a restitution to the real estate. *Commonwealth* v. *Dudley*, 10 Mass. R. 403 ; 2 Bl. Comm. 290 ; 2 Rol. Abr. 80, *Indictment, M.* Bigelow by his levy could take only what belonged to his debtor ; as against Russell the levy was wholly inoperative. *Gore* v. *Brazier*, 3 Mass. R. 538 ; *Bott* v. *Burnell*, 9 Mass. R. 99.

<div style="float:right">*March 4th,*<br>1825.</div>

At this term the *Chief Justice* said the Court were inclined to doubt whether forcible entry and detainer could be maintained, where the entry was under a judgment and execution ; and also whether this process could be maintained on behalf of Russell, since it appeared that Winslow, and not Russell, was the person turned out of possession.

<div style="float:right">*March 5th.*</div>

The case was thereupon again spoken to by the counsel for the prosecution, and the next day the *Court* ordered the proceedings to be quashed, on the ground last suggested by the *Chief Justice*.[1]

<div style="float:right">*March 8th*</div>

The respondent then moved for a writ of re-restitution ; to which it was objected, that the statute makes no provision for such a writ, but only says that the proceedings may be quashed. *Rand* answered that it would be nugatory to quash the proceedings unless such a writ should be granted, and that in many instances where the statutes give a remedy, without providing for a writ by which it is to be effected, the Court nevertheless award a suitable process.[2] He referred to *Rex* v. *Jones*, 1 Str. 474 ; Com. Dig. *Forceable Entry, D*, 5, where

---

[1] Forcible entry lies only for one, who has had actual possession. *Childress* v. *M' Gehee*, 1 Minor, 131. Tenant at will may maintain it *M'Donald* v. *Gayle*, 1 Minor, 98 ; *The People* v. *Van Nostrand*, 9 Wendell, 50 ; *The People* v. *Reed*, 11 Wendell, 157. The question of title cannot be tried in this action. *The People* v. *Godfrey*, 1 Hall, 240 ; *Dutton* v. *Tracy*, 4 Connect. R. 79. See *Bliss* v. *Bange*, 6 Connect. R. 78. In order to constitute a forcible entry the possession must not be *scrambling*, but quiet, peaceable and actual, and the entry must be accompanied by actual force or intimidation. *Commonwealth* v. *Keeper of the Prison*, 1 Ashmead, 140 ; *Bird* v. *Bird*, 2 Root, 411 ; 3 Chitty Crim. Law, 1135, 1136, *in notis*.

[2] Revised Stat. *c.* 81, § 6 ; Howe's Pract. 51 to 53

Sav. 68, and 2 Cro. 151, are cited; *The People* v. *Shaw*, 1
Caines's R. 125; *The People* v. *King*, 2 Caines's R. 98;
*Cooke* v. *Gibbs*, 3 Mass. R. 196.

At a subsequent day a writ of re-restitution was awarded.[3]

***

[3] Roscoe's Crim. Ev. 379. See also *Matter of Shotwell*, 10 Johns. R 304
But see *Bird* v. *Bird*, 2 Root, 411.